IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELISEO A. HERNANDEZ-HERNANDEZ,

    Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, UNITED STATES ATTORNEY'S OFFICE,

    Respondent.

No. C 04-3308 JSW

**ORDER TRANSFERRING CASE**

On May 13, 2005 Respondent filed a Notice of Change of Law, informing the Court of the recently-enacted REAL ID Act of 2005, PL 109-13, Div. B, 119 Stat. 231 ("REAL ID Act"). Section 106(a) of the REAL ID Act amends section 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252 to provide that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e).

The REAL ID Act is retroactive and thus, applies to currently pending habeas petitions. *See* § 106(b) of the REAL ID Act. Pursuant to section 106(c) of the REAL ID Act, district courts are directed to transfer all pending habeas petitions filed under 28 U.S.C. § 2241 challenging a final administrative order of removal, deportation, or exclusion, to the court of appeals for the circuit

1  in which a petition for review could have been properly filed. *See* § 106(c) of the REAL ID Act.

2  Based on her filing a motion to reopen with the Board of Immigration Appeals,
3  Petitioner filed a request to continue the hearing date in the above-captioned matter which is
4  currently scheduled for May 19, 2005. Petitioner noted, but chose not to substantively respond
5  to, Respondent's filing of the Notice of Change of Law and request to transfer the case to the
6  Ninth Circuit. The language of the REAL ID Act requires this Court to transfer this case to the
7  Ninth Circuit. Accordingly, the Court HEREBY VACATES the hearing date scheduled for
8  May 19, 2005 and TRANSFERS the above-captioned matter to the Ninth Circuit. The Clerk is
9  directed to transfer this case forthwith.

**IT IS SO ORDERED.**

Dated: May 17, 2005                           /s/ Jeffrey S. White
                                              JEFFREY S. WHITE
                                              UNITED STATES DISTRICT JUDGE